IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ARNELL LEE,

    Petitioner,

v.                                                     CASE NO. 4:15-cv-379-RH-GRJ

SECRETARY FLORIDA DEPARTMENT
OF CORRECTIONS,

    Respondent.

_____/

**REPORT AND RECOMMENDATION**

Petitioner initiated this case by filing a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his 2007 Leon County conviction for second degree murder. (ECF No. 5.) Petitioner raises three grounds for federal habeas review: (1) the State violated the Fifth Amendment by forcing Petitioner to give a statement after he invoked his right to counsel; (2) the State failed to submit the same evidence presented to Petitioner at his plea hearing; and (3) violation of the Sixth Amendment right to the effective assistance of his counsel because his counsel never attempted to have the videotape of his statement suppressed or to challenge the invocation of rights form that Petitioner signed. (ECF No. 5.)

Now pending before the Court is Respondent's motion to dismiss the

Petition as time-barred. (ECF No. 9.)  Petitioner has not filed a response, and the deadline to do so has now passed. Therefore, the motion to dismiss is now ripe for consideration.  Upon due consideration of the motion to dismiss and the state-court record, the Court recommends that the motion to dismiss be granted.[1]

## Discussion

**A.   Petitioner's Writ of Habeas Corpus is barred by the one-year limitations period of AEDPA.**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a one-year period for a prisoner to seek federal habeas corpus review of his conviction.  28 U.S.C. § 2244(d).  The one-year limitations period begins to run, *inter alia*, from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]"  28 U.S.C. § 2244(d)(1)(A). The one-year limitations period is statutorily tolled during the pendency of a properly-filed state application for post conviction relief, and may be equitably tolled in appropriate "extraordinary circumstances."  28 U.S.C. § 2244(d)(2); *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000).

---

[1] Because the Court may resolve the Petition on the basis of the record, the Court has determined that an evidentiary hearing is not warranted.  *See* Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

Petitioner entered a plea of no contest [2] on March 2, 2007 to one count of second degree murder, and the charge of battery was nolle prossed. (ECF No. 9-1 at 30-31.) He was sentenced the same day to thirty years imprisonment with credit for 347 days served. (ECF No. 9-1 at 51-58.) Petitioner did not appeal his conviction and sentence. He filed this Petition on July 22, 2015.

The one-year limitations period of AEDPA begins on the date that the Petitioner's conviction becomes final, either by conclusion of direct review or the expiration of the time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A). Petitioner's conviction became final on April 2, 2007, after the thirty day period to file notice of an appeal expired. *See* Fla. R. App. P. 9.110(b).

Petitioner filed a post-conviction motion pursuant to Fla. R. Crim. P. 3.850 on February 21, 2008, after 324 days had passed since his conviction was final. (ECF No. 9-1 at 61-68.) The state court denied his motion on April 17, 2008 as meritless. (ECF No. 9-1 at 70-73.) Petitioner filed a motion for rehearing that was also denied. (ECF No. 9-1 at 102-05,

---

[2] Petitioner was originally charged by information with second degree murder and battery. (ECF No. 9-1 at 26.) A superseding indictment was filed on May 11, 2006 charging Petitioner with first degree premeditated murder and battery. (ECF No. 9-1 at 28.)

107.)  Petitioner then appealed the denial of his Rule 3.850 motion to the Florida First District Court of Appeal ("First DCA").  (ECF No. 9-1 at 109.)  The First DCA per curiam affirmed the decision on November 13, 2008; the mandate issued December 9, 2008.  (ECF No. 9-1 at 111-112.)

After Petitioner's Rule 3.850 motion was denied, the AEDPA limitations period began to run again.  The one-year period passed on January 19, 2009.  Petitioner filed a second Rule 3.850 motion in state court on March 30, 2010, but the court denied the motion as untimely and successive.  (ECF No. 9-1 at 114-49, 164-65.)  This motion was improperly filed and was filed after the AEDPA limitations period expired, and therefore does not toll the limitations period or revive it. *Pace v. DiGuglielmo*, 544 U.S. 408 (2005)(improperly filed state post-conviction motion does not toll AEDPA limitations period); *Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003)(filing a motion after the AEDPA limitations period expires cannot toll the limitations period, nor can it revive the limitations period).

Petitioner filed his federal habeas petition on July 22, 2015, which was nearly seven years after the expiration of the AEDPA statute of limitations.  The petition is therefore untimely unless Petitioner is entitled to

equitable tolling of the limitations period.

**B.     Petitioner is not entitled to equitable tolling.**

"Equitable tolling can be applied to prevent the application of AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition."  *Helton v. Sec'y for Dept' of Corr.,* 259 F.3d 1310, 1312 (11th Cir. 2001).  It is "an extraordinary remedy which is typically applied sparingly." *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000).  "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner."  *Drew v. Dep't of Corr.,* 297 F.3d 1278, 1286 (11th Cir. 2002). To demonstrate entitlement to equitable tolling, a petitioner must show: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace,* 544 U.S. at 418).

In Petitioner's habeas petition, under the section addressing timeliness of the petition, Petitioner wrote "(B)" and circled section § 2244(d)(1)(B), which states "[t]he date on which the impediment to filing an application created by State action in violation of the Constitution or laws of

the United States is removed, if the applicant was prevented from filing by such state action." Construing the petition liberally, it appears that Petitioner argues that he should be entitled to equitable tolling because of an impediment created State action that prevented him from filing this Petition in a timely manner.

Petitioner's argument, however, is insufficient to entitle him to equitable tolling. He does not support this argument with factual allegations identifying the alleged impediment to filing or even mentioning the alleged State action, which he contends prevented him from filing timely. A conclusory assertion that lacks support—in this case, Petitioner's apparent reference to part (d)(1)(B) of section 2244—is insufficient to demonstrate that Petitioner is entitled to the extraordinary remedy of equitable tolling. See Hutchinson v. Florida, 677 F.3d 1097, 1099 (11th Cir. 2012)(a petitioner "must plead or proffer enough facts that, if true, would justify an evidentiary hearing on the issue . . .allegations supporting equitable tolling must be specific and not conclusory.") Because Petitioner has not demonstrated entitlement to equitable tolling of the one-year limitations period his petition is due to be dismissed as untimely.

In light of the foregoing, it is respectfully **RECOMMENDED** that the

motion to dismiss, ECF No. 9, should be **GRANTED** and the petition for writ of habeas corpus, ECF No. 5, should be **DISMISSED**.

**IN CHAMBERS**  this 24th  day of March 2016.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.