IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


ARNELL LEE,

      Petitioner,

v.                                  CASE NO. 4:15cv379-RH/GRJ

SECRETARY FLORIDA DEPARTMENT
OF CORRECTIONS,

      Respondent.

_____/


## ORDER DISMISSING PETITION

This petition for a writ of habeas corpus under 28 U.S.C. § 2254 is before the court on the magistrate judge's report and recommendation, ECF No. 11, and the objections, ECF No. 14. I have reviewed *de novo* the issues raised by the objections.

The report and recommendation correctly concludes the petition is barred by the one-year statute of limitations that applies to § 2254 petitions. *See* 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of four possible triggers. *Id*. The trigger that applies in this case is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking

such review." *Id*. § 2244(d)(1)(A). A cryptic citation in the petition suggests that the petitioner may assert that the trigger is instead "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." *Id*. § 2244(d)(1)(B). The report and recommendation treats this as a request for equitable tolling.

Whether treated as an alternative trigger for the one-year limitations period or as a basis for equitable tolling, the suggestion does not help the petitioner. As correctly noted in the report and recommendation, the petitioner has provided no factual support for any assertion that the state prevented him from filing a timely petition. The petition is plainly barred by the statute of limitations.

For these reasons,

IT IS ORDERED:

The report and recommendation is accepted and adopted as the court's further opinion. The motion to dismiss, ECF No. 9, is granted. The clerk must enter judgment stating, "The petition is denied." The clerk must close the file.

SO ORDERED on July 7, 2016.

                                s/Robert L. Hinkle
                                United States District Judge